**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PENNY L. JOHNSON | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:24-cv-02158 |
| | ) | |
| v. | ) | |
| | ) | |
| EMPLOYBRIDGE GROUP d/b/a | ) | |
| PROLOGISTIX | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| PENSKE AUTOMOTIVE GROUP, | ) | |
| | ) | Jury Trial Demanded |
| Defendants. | ) | |

## COMPLAINT

**NOW COMES** Plaintiff, Penny L. Johnson ("Plaintiff"), by and through the undersigned counsel, hereby filing this Complaint against EmployBridge Group d/b/a Prologistix and Penske Automotive Group (collectively "Defendants"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*. ("Title VII") seeking redress for Defendants subjecting Plaintiff to sexual harassment, Defendants' discrimination on the basis of Plaintiff's sex, and Defendants' retaliation against Plaintiff for engaging in protected activity under Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern

Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendants operate and transact business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

5. Charges of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff as to each Defendant with the Equal Employment Opportunity Commission ("EEOC"). (attached hereto as Exhibit "A" and Exhibit "B").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "C") as to both Defendants and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Penny L. Johnson resided in Will County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, EmployBridge Group d/b/a Prologistix ("Prologistix") was a corporation doing business in and for Will County whose address is 850 Brook Forest Avenue, Suite E, Shorewood, IL 60404 and headquarters in Gwinnett, Georgia, at 1845 Satellite Blvd., Suite 300, Duluth, GA 30097.

9. At all times material to the allegations in this Complaint, Defendant, Penske Automotive Group ("Penske") was a corporation doing business in and for Will County whose address is 4000 Rock Creek Blvd., Joliet, IL 60431.

10. Plaintiff was jointly employed by Defendants as an "employee" within the

meaning of 42 U.S.C §2000e(f).

11.     During the applicable limitations period, Defendants have had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

12.     At all relevant times, Defendants Prologistix and Penske have continuously been under contract for services rendered in Illinois, and have continuously been a joint employer in which both Defendants generally controlled the terms and conditions of the employment of Plaintiff.

## BACKGROUND FACTS

13.     Plaintiff was hired at Prologistix, a staffing agency, as a dock worker for its client, Penske, on or around May 26, 2023.

14.     Prologistix maintained control and supervision over Plaintiff because Prologistix vetted Plaintiff for the specific skills and experience that Penske needed to fulfill a crucial internal role at Penske's facility.

15.     Plaintiff was jointly employed by Defendants beginning on or around May 26, 2023 until her unlawful constructive termination on or around August 17, 2023 as a result of sex discrimination and sexual harassment.

16.     Plaintiff met or exceeded Defendants' performance expectations during the entire duration of her employment as a result of prior experience in the field which afforded her the ability to adequately perform her job and by virtue of the fact that Plaintiff did not receive any disciplinary action throughout her employment with Defendants.

17.     Further, Prologistix continuously maintained business connections with Penske to obtain Plaintiff employment.

18. Plaintiff is female and is a member of a protected class because of her sex.

19. Throughout the entire duration of her employment with Defendants, Defendants have subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of sex in violation of Title VII.

20. Plaintiff was the only woman in her department working alongside a team of twelve men.

21. Plaintiff was immediately belittled by her male colleagues who constantly reminded her of shortcomings as a woman because "this was a man's job" and she did not "belong" there [referring to working for Defendants as a dock worker].

22. Plaintiff was purposefully and actively ignored by her male colleagues, who refused to acknowledge her or assist her with tasks that required heavy-lifting.

23. Even more, Plaintiff began to be subjected to sexual harassment when these same male colleagues would constantly degrade her physical appearance.

24. Plaintiff felt as though Defendants' male employees would reduce her to a physical object, making explicit comments about her hair, the shape of her legs, and her clothes.

25. During one specific instance, a male coworker told Plaintiff mockingly, "See? You're a strong woman."

26. During another incident, Plaintiff was physically abused via being hit hard in the stomach on account of her sex by a male employee.

27. Other similarly situated employees outside of Plaintiff's protected class (non-female individuals) were not subjected to the same mental and physical abuse on account of sex.

28. Plaintiff engaged in protected activity to report this escalated incident to her employers, Prologistix and Penske.

29. Plaintiff engaged in protected activity and reported her sexual harassment and sex-based discrimination on five separate occasions.

30. During some of these instances, Recruiters Rose and Monica Berman had no solutions for Plaintiff, instead placing the responsibility back on Plaintiff to confront her abusers.

31. Rose and Monica told Plaintiff, "Try to teach them [the male employees] the right thing to do, we will talk to them."

32. Nevertheless, Plaintiff continued to be harassed daily.

33. Therefore, Defendants, despite being on-notice and possessing the requisite control over Plaintiff's employment terms and conditions, failed to investigation Plaintiff's report or take remedial action to protect Plaintiff from further sex-based disparate treatment.

34. Defendants knew or should have known of Plaintiff's mistreatment as a result of their collective oversight of the perpetrating employees.

35. Plaintiff's work environment became so unbearable that no reasonable person in Plaintiff's position would be able to continue to endure it.

36. Ultimately, Plaintiff was constructively terminated because of her sex, (female) on August 17, 2023.

37. Plaintiff reported the sexual harassment and/or sexual assault to Defendant.

38. Plaintiff was targeted for constructive termination because of her sex and reporting of illegal activity.

39. Plaintiff suffered multiple adverse employment actions including, but not limited

to, being constructively terminated.

40.     There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to.

41.     Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to Defendants' management/recruiters about the harassment.

**<u>COUNT I</u>**
**Violation of Title VII of the Civil Rights Act**
**(Sexual Harassment)**
**(Both Defendants)**

42.     Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

43.     By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices and subjected Plaintiff to sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

44.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, due to Plaintiff's sex, female.

45.     Defendants knew or should have known of the harassment.

46.     The sexual harassment was severe or pervasive.

47.     The sexual harassment was offensive subjectively and objectively.

48.     The sexual harassment was unwelcomed.

49.     Defendants acted in willful and/or reckless disregard of Plaintiff's protected rights.

50.     As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)
### (Both Defendants)

51. Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

52. By virtue of the conduct alleged herein, Defendants intentionally discriminated against Plaintiff based of Plaintiff's sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

53. Plaintiff met or exceeded performance expectations.

54. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

55. Defendants constructively terminated Plaintiff's employment on the basis of Plaintiff's sex.

56. Plaintiff is a member of a protected class under Title VII due to Plaintiff's sex.

57. Defendants acted in willful and/or reckless disregard of Plaintiff's protected rights.

58. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act
### (Retaliation)
### (Both Defendants)

59. Plaintiff repeats and re-alleges paragraphs 1-41 as if fully stated herein.

60. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act

of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

61. During Plaintiff's employment with Defendants, Plaintiff reasonably complained to Defendant about sexual harassment and/or sex-based discrimination.

62. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendants under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

63. In response to Plaintiff's complaint, Defendants failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sexual harassment and/or sex-based discrimination.

64. Defendants also failed to take necessary precautions to prevent further recurrences of the discriminatory and/or harassing conduct complained of by Plaintiff.

65. Plaintiff's suffered an adverse employment action in retaliation for engaging in a protected activity.

66. By virtue of the foregoing, Defendants retaliated against Plaintiff based on reporting the sexual harassment and/or sex-based discrimination thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

67. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

68. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering;

e.      Pre-judgment and post-judgment interest;

f.      Injunctive relief;

g.      Punitive damages;

h.      Reasonable attorney's fees and costs; and

i.      For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 14th day of March, 2024.

*/s/ Alexander J. Taylor*
**ALEXANDER J. TAYLOR, ESQ.**
*Counsel for Plaintiff*
**SULAIMAN LAW GROUP, LTD**
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (331) 272-1942
Facsimile: (630) 575-8188
Email: ataylor@sulaimanlaw.com
*Attorney for Plaintiff*

9